# Exhibit 7

Action Item  __35__

**PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA**
**COMMISSION DIRECTIVE**

ADMINISTRATIVE MATTER ☐          DATE          **December 20, 2017**

MOTOR CARRIER MATTER ☐          DOCKET NO.     **2017-207-E**

UTILITIES MATTER ☑          ORDER NO.     **2017-770**

<span style="color:red">**THIS DIRECTIVE SHALL SERVE AS THE COMMISSION'S ORDER ON THIS ISSUE.**</span>

**SUBJECT:**
DOCKET NO. 2017-207-E - Friends of the Earth and Sierra Club, Complainant/Petitioner v. South Carolina Electric & Gas Company, Defendant/Respondent - Staff Presents for Commission Consideration South Carolina Electric & Gas Company's Motion to Dismiss.

**COMMISSION ACTION:**
With regard to the Request of the Office of Regulatory Staff in Docket No. 2017-305-E, it is proper to deny SCE&G's Motion to Dismiss if the Commission finds that the facts viewed in the light most favorable to ORS would entitle ORS to relief on any theory. Accordingly, I move that the Motion to Dismiss the Request of ORS be denied. In this case, ORS performed a preliminary investigation as required by Code Section 58-27-920. ORS has met the threshold test to allow the matter to continue before the Commission.

Because of the statutory requirement for evidence under Section 58-27-920, specifically "upon such evidence as to the commission seems sufficient", I further move that we instruct Staff to schedule a hearing in this Docket to consider evidence that the parties may present concerning fair and reasonable electric rates for ratepayers and SCE&G.

I also move that we grant the ORS Motion to Amend, deny the Motion to Strike of SCE&G, and consider the monetization of the Toshiba payout along with any other related factors that may be appropriate in this Commission's determination of a fair and reasonable rate.
Given the magnitude of this case, and its impact on the State of South Carolina and its citizens, I move that the Commission exercise its authority pursuant to Code Sections 58-3-200 and request the Office of Regulatory Staff, pursuant to Code Section 58-4-50(A)(2), to carry out a thorough inspection, audit, and examination of SCE&G's revenue requirements to assist this Commission in determining whether the Company's present schedule of rates is fair and reasonable. During oral argument, counsel for SCE&G laid out a series of events that the Company believes will occur if this Commission were to adopt ORS' proposal. Specifically, that ordering SCE&G to immediately reduce its rates by $445 million per year would cause a cascading financial effect that would force the Company into bankruptcy. I would request that, as part of its examination, ORS directly address whether or not the Company's assertions have merit. There is always the concern that any action on complicated issues can have unintended consequences. But I would like this Commission to have the best information possible on this issue before acting. Finally, I move that this Commission request ORS to complete its inspection, audit, and examination not later than thirty (30) days from the date of this Directive, subject to reasonable request for extension.

In Docket No. 2017-207-E, I move that we deny the SCE&G Motion to Dismiss, since it cannot be concluded as a matter of law that the Friends of the Earth and Sierra Club cannot obtain relief on any theory in the case.

With regard to the Friends of the Earth/Sierra Club objection to SCE&G's Motion to Take Judicial Notice of all affidavits in the Docket No. 2017-305-E in Docket No. 2017-207-E, I move, for the purposes of the Motion to Dismiss in 2017-207-E, that this Commission take judicial notice only of page 23 of Ellen Lapson's affidavit, as consented to by counsel for Friends of the Earth/Sierra Club. Accordingly, under my Motion, the objection would be sustained in part, and, with the consent of counsel for Friends of the Earth/Sierra Club,

ACCEPTED FOR PROCESSING - 2017 December 20 4:50 PM - SCPSC - 2017-207-E - Page 1 of 2

ACCEPTED FOR PROCESSING - 2017 December 20 4:50 PM - SCPSC - 2017-207-E - Page 2 of 2

overruled in part. The theme of the affidavits, as a whole, was to describe SCE&G's financial situation if the Commission granted the relief sought by the Office of Regulatory Staff in Docket No. 2017-305-E.  Counsel for Friends of the Earth and Sierra Club did not refer to the affidavit of Ms. Lapson for reference to the possible financial condition of the Company, but only for the proposition that Ms. Lapson stated that "the abandonment of the project is disappointing and frustrating to all involved…." That phrase being found on page 23 of her affidavit. I do not believe that this Commission needs to take judicial notice of all affidavits in Docket No. 2017-305-E in Docket No. 2017-207-E.

Accordingly, I believe that taking judicial notice of page 23 only of the affidavit of Ms. Lapson is sufficient for the purpose described, and I move that this Commission do so.

I also move that the Commission deny the request to take judicial notice of the other affidavits in Docket No. 2017-305-E in Docket No. 2017-207-E, and the request to take judicial notice of the remaining pages of Ms. Lapson's affidavit. Again, the objection would be sustained in part and overruled in part as described in my Motion.

Finally, Commission Regulation 103-840 permits the Commission, on its own motion, to consolidate two or more proceedings for hearing when they involve similar questions of law and fact, and neither the rights of the parties nor the public interest will be prejudiced by the consolidation.  I believe the two proceedings here meet that standard.  Therefore, I move that the Commission consolidate Docket No. 2017-207-E with Docket No. 2017-305-E for trial purposes.

PRESIDING:  <u>Whitfield</u>          SESSION: <u>Regular</u>     TIME:  <u>2:00 p.m.</u>

| | MOTION | YES | NO | OTHER |
|---|---|---|---|---|
| BOCKMAN | ☐ | ☐ | ☐ | |
| ELAM | ☐ | ☑ | ☐ | |
| FLEMING | ☐ | ☑ | ☐ | |
| HAMILTON | ☐ | ☑ | ☐ | |
| HOWARD | ☐ | ☑ | ☐ | |
| RANDALL | ☐ | ☑ | ☐ | |
| WHITFIELD | ☐ | ☑ | ☐ | |

(SEAL)

RECORDED BY: <u>J. Schmieding</u>

